IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | | |
|---|---|---|
| Van Kristopher V., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No.: 23-cv-50077 |
| v. | ) | |
| | ) | Magistrate Judge Margaret J. Schneider |
| Frank Bisignano, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff, Van Kristopher V., seeks review of the final decision of the Commissioner of the Social Security Administration denying him disability benefits. For the reasons set forth below, the Court affirms the Commissioner's decision.

## BACKGROUND

### A. Procedural History

On October 1, 2020, Van Kristopher V. ("Plaintiff") filed a Title II application for a period of disability and disability insurance benefits, alleging a disability beginning on February 20, 2019. R. 13. The Social Security Administration denied his application initially on March 23, 2021, and upon reconsideration on November 3, 2021. *Id*. Plaintiff filed a written request for a hearing and on June 10, 2022, a telephonic hearing was held by Administrative Law Judge ("ALJ") Lana Johnson where Plaintiff appeared and testified. *Id*. Plaintiff was represented by counsel. *Id*. Dennis Gustafson, an impartial vocational expert ("VE"), also appeared and testified. *Id*.

On June 27, 2022, the ALJ issued her written opinion denying Plaintiff's claims for disability and disability insurance benefits. R. 13-20. Plaintiff appealed the decision to the Appeals Council, and the Appeals Council denied Plaintiff's request for review. R. 1-6. Plaintiff now seeks judicial review of the ALJ's decision, which stands as the final decision of the Commissioner. *See* 42 U.S.C. § 405(g); *Schmidt v. Astrue*, 496 F.3d 833, 841 (7th Cir. 2007). The parties have consented to the jurisdiction of this Court. *See* 28 U.S.C. § 636(c); [9]. Now before the Court are Plaintiff's motion to reverse or remand the Commissioner's decision [13], the Commissioner's response brief [18], and Plaintiff's reply [21].

### B. The ALJ's Decision

In her ruling, the ALJ applied the statutorily required five-step analysis to determine whether Plaintiff was disabled under the Social Security Act. *See* 20 C.F.R. § 404.1520(a)(4). At

step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the alleged onset date of February 20, 2019. R. 16. At step two, the ALJ found that Plaintiff had the following severe impairments: degenerative disc disease of the lumbar spine, polycystic kidney disease, chronic renal insufficiency, and obesity. *Id*. The ALJ found that these impairments significantly limited Plaintiff's ability to perform basic work activities. *Id*. At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of an impairment listed in 20 C.F.R. § 404, Subpart P, Appendix 1. R. 16-17.

Before step four, the ALJ found that Plaintiff had a residual functional capacity ("RFC") to perform medium work but with the following exceptions: no more than frequent climbing of ramps, stairs, ladders, ropes, and scaffolds and no more than frequent balancing, stooping, kneeling, crouching, or crawling. R. 17-19. At step four, the ALJ found that Plaintiff is capable of performing past relevant work as a print shop helper. R. 19. Therefore, the ALJ concluded that Plaintiff was not disabled under the Social Security Act at any time from February 20, 2019, through the date of decision, June 27, 2022. R. 19-20.

## STANDARD OF REVIEW

The reviewing court evaluates the ALJ's determination to establish whether it is supported by "substantial evidence," meaning "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Moore v. Colvin*, 743 F.3d 1118, 1120-21 (7th Cir. 2014) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). While substantial evidence is "more than a mere scintilla, . . . the threshold for such evidentiary sufficiency is not high." *Biestek v. Berryhill*, 587 U.S. 97, 103 (2019) (internal quotation marks and citation omitted). The substantial evidence standard is satisfied when the ALJ provides "an explanation for how the evidence leads to their conclusions that is sufficient to allow us, as a reviewing court, to assess the validity of the agency's ultimate findings and afford [the appellant] meaningful judicial review." *Warnell v. O'Malley*, 97 F.4th 1050, 1052 (7th Cir. 2024) (internal quotation marks and citation omitted). An ALJ "need not specifically address every piece of evidence but must provide a logical bridge between the evidence and [the] conclusions." *Bakke v. Kijakazi*, 62 F.4th 1061, 1066 (7th Cir. 2023) (internal quotation marks and citation omitted). *See also Warnell*, 97 F.4th at 1054.

The court will only reverse the decision of the ALJ "if the record compels a contrary result." *Gedatus v. Saul*, 994 F.3d 893, 900 (7th Cir. 2021) (internal quotation marks and citation omitted). The court is obligated to "review the entire record, but [the court does] not replace the ALJ's judgment with [its] own by reconsidering facts, reweighing or resolving conflicts in the evidence, or deciding questions of credibility. . . . [The court's] review is limited also to the ALJ's rationales; [the court does] not uphold an ALJ's decision by giving it different ground to stand upon." *Jeske v. Saul*, 955 F.3d 583, 587 (7th Cir. 2020).

## DISCUSSION

Plaintiff argues that substantial evidence did not support the ALJ's: (1) analysis of the medical opinions; (2) determination of Plaintiff's residual functional capacity ("RFC"); and (3) evaluation of Plaintiff's subjective symptoms. The Court finds that the ALJ properly evaluated the

medical opinions, Plaintiff's limitations, and Plaintiff's subjective symptoms. The Court concludes that the ALJ supported her findings with substantial evidence and affirms the ALJ's decision.

When determining a claimant's RFC, an ALJ must "evaluate the intensity and persistence of [a claimant's] symptoms to determine the extent to which the symptoms limit an individual's ability to perform work-related activities." SSR 16-3p. In this case, the ALJ found that Plaintiff's "statements concerning the intensity, persistence and limiting effects of [his] symptoms [were] not entirely consistent with the medical evidence and other evidence in the record" and concluded that Plaintiff could perform medium work with certain postural limitations. R. 35. According to the Social Security regulations, a job is classified as "medium work" if it "involves lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds." 20 C.F.R. § 416.967. A person capable of medium work can perform a job which requires "a good deal of walking or standing," or "sitting most of the time with some pushing and pulling of arm or leg controls." *Id*.

The ALJ determined that Plaintiff was able to perform medium work with certain postural limitations after considering Plaintiff's alleged limitations, the medical evidence, and Plaintiff's failure to seek treatment. R. 18. The ALJ also found persuasive the medical opinions of two state agency medical consultants. *Id*. Both consultants opined that Plaintiff was able to perform medium work with some postural limitations. R. 58-60, 68-69. The ALJ found these opinions persuasive because they were "consistent with and supported by the medical evidence of record." R. 19. The ALJ found the medical opinion of Dr. Emily Shen, M.D., unpersuasive. Dr. Shen opined that during an 8-hour workday Plaintiff would only be able to sit and stand/walk for less than two hours, that he would need a 30-minute break every hour, that he would need to elevate his legs above his heart for 70% of that time, and that he would be incapable of lifting more than ten pounds. R. 292. The ALJ found this opinion unpersuasive because "[t]reatment notes do not show [Plaintiff] to have complaints related to sitting," there was no evidence of Plaintiff "needing to elevate his legs above his heart," and there also was no evidence which explained "why the claimant would need to take 30-minute breaks from work every hour." R. 19.

In evaluating disability claims, ALJs "need not 'defer or give any specific evidentiary weight' to any medical opinion." *Evonne R. v. Kijakazi*, No. 20CV7652, 2022 WL 874650, at *3 (N.D. Ill. March 24, 2022) (quoting 20 C.F.R. § 404.1520c(a), 416.920c(a)). Nevertheless, ALJs must consider all medical opinions and analyze them based on certain factors including supportability and consistency. 20 C.F.R. §§ 404.1520c(c)(1)-(5), 416.920c(c)(1)-(5). In reviewing an ALJ's analysis of a medical opinion, "a 'logical bridge' remains the touchstone of judicial review." *Evonne R.*, 2022 WL 874650, at *5. An ALJ "must consider the regulatory factors and explain why a medical opinion is not supported or is not consistent with the record to give a reviewing court the bridge to connect the outcome to the record." *Id*.

Plaintiff argues that the ALJ's evaluation of Dr. Shen's opinion was not supported by substantial evidence. Plaintiff claims that the ALJ did not consider Plaintiff's testimony that he was not comfortable sitting and that this discomfort was supported by medical evidence. R. 38. However, despite testifying to discomfort while sitting, Plaintiff also testified that "[s]itting is all [he] really ever do[es]," and that he can sit for "a couple of hours or an hour" at a time. *Id*. Additionally, Plaintiff does not cite to any evidence in the medical record which contradicts the

ALJ's evaluation of Dr. Shen's opinion. Upon review of the medical record, the ALJ correctly asserted that no treatment notes reference a complaint related to sitting and no evidence in the medical record indicates a need for leg elevation or hourly 30-minute breaks. Given the lack of support in the medical record for the limitations included in Dr. Shen's opinion, the ALJ properly found Dr. Shen's opinion unpersuasive after considering its supportability and consistency. 20 C.F.R. § 404.1520c(c).

Plaintiff claims that the ALJ needed to separately explain her rejection of Dr. Shen's opinions as to Plaintiff's ability to stand and lift. R. 291-292. The ALJ found that Dr. Shen asserted multiple limitations that were unsupported by and inconsistent with the record. This was sufficient for her to determine that the entire opinion was unpersuasive. *See* 20 C.F.R. § 404.1520c. Even if the ALJ needed to separately weigh each of Dr. Shen's discrete opinions, the ALJ did evaluate Plaintiff's standing and lifting limitations. The ALJ considered Plaintiff's testimony that he cannot "stand or carry anything," reviewed the medical record, and concluded that the record "did not show objective findings supportive of [Plaintiff's] reports of functional limitation." R. 18.[1] The ALJ considered the lack of objective evidence as well as Plaintiff's lack of treatment and concluded that Plaintiff could perform medium work with some postural limitations. R. 18. The ALJ properly evaluated Plaintiff's standing and lifting limitations and did not need to repeat this analysis when evaluating Dr. Shen's opinion. *See Curvin v. Colvin*, 778 F.3d 645, 650 (7th Cir. 2015) (not discounting an ALJ's evaluation of a plaintiff's "impairments, the objective medical evidence and [his] credibility . . . because it appears elsewhere in the decision" and finding that requiring an ALJ to "repeat such a discussion through [the] decision would be redundant.").

Similarly, Plaintiff argues that the ALJ did not properly evaluate the state agency medical consultants' opinions because she only stated that those opinions were "consistent with and supported by the medical evidence of record." R. 19. Plaintiff claims that the ALJ needed to further explain this analysis. However, the ALJ had already evaluated Plaintiff's limitations and the evidence in the medical record. She explained how the medical record supported a conclusion that Plaintiff could perform work at "the medium exertional level, with some limitations on his ability to perform postural activities." R. 18. She did not need to repeat this analysis when evaluating the state agency medical consultants' opinions. *See Curvin*, 778 F.3d at 650.

Additionally, Plaintiff contends that the ALJ did not support her evaluation of Plaintiff's fatigue and pain with substantial evidence. When evaluating Plaintiff's limitations and subjective symptoms, the ALJ noted that Plaintiff testified that he experienced pain and was "exhausted all the time." R. 18. The ALJ reviewed the medical record and found that the "medical evidence of record is not supportive of [Plaintiff's] allegations of disabling symptomatology." R.18. The ALJ also noted that Plaintiff "does not take medications for his pain, nor has he pursued physical

---

[1] The Court notes that Plaintiff testified that he "really can't lift anything" because he was "instructed not to [lift] by the nephrologist as that can burst the hemorrhagic cysts that are in [his] kidneys." R. 38. However, the records of Plaintiff's nephrologist, although referenced (R. 354), are not included within the certified administrative record. While ALJs have a responsibility to "develop a fair and full record," it is Plaintiff who has "the principal duty to submit evidence relating to the disability claim." *Bertaud v. O'Malley*, 88 F.4th 1242, 1244 (7th Cir. 2023). At the hearing before the ALJ, Plaintiff's counsel asserted that the "record is complete." R. 30. The Court cannot consider whether the ALJ adequately developed the record due to the omission of the nephrologist records, given that Plaintiff did not even raise this issue in his briefs. *See Perez v. Barnhart*, 02 C 6876, 2003 WL 22287386, at *8 (N.D. Ill. Sept. 30, 2003).

therapy or pain management." R. 18. Given the "absence of objective clinical findings and lack of treatment sought out by [Plaintiff]," the ALJ properly concluded that Plaintiff's statements about his fatigue and pain were "not entirely consistent with the medical evidence and other evidence in the record." R. 17-18. Contrary to Plaintiff's assertions on appeal, no doctor opined that Plaintiff's polycystic kidney disease caused fatigue, only that Plaintiff reported experiencing both kidney pain and fatigue. R. 291, 342, 354. Plaintiff argues that the ALJ improperly relied on Plaintiff's lack of treatment. He contends that he could not seek pain treatment because, as he testified, there were "not even any pain pills or painkillers that [he could] take because all the effective ones are opioids, and opioids are . . . the worst thing for [his] kidneys." R. 35. This testimony was not supported by medical evidence. Plaintiff also claims that he could not seek treatment due to lack of health insurance because his wife forgot to re-enroll. R. 38. Even accepting this testimony as true, Plaintiff testified that he visited his specialist without insurance coverage, and he did not indicate any efforts he made to obtain health insurance after losing coverage. R. 38-39. Therefore, the ALJ did not err by relying on Plaintiff's lack of treatment in evaluating his subjective symptoms. *See* SSR 16-3p ("[I]f the frequency or extent of the treatment sought by an individual is not comparable with the degree of the individual's subjective complaints . . . [the ALJ] may find the alleged intensity and persistence of an individual's symptoms inconsistent with the overall evidence of record.").

Plaintiff also claims that the ALJ should have credited his significant work history. A "claimant with a good work record is entitled to substantial credibility when claiming an inability to work because of a disability." *Hill v. Colvin*, 807 F.3d 862, 868 (7th Cir. 2015). However, "[a]lthough a consistent work history weighs in favor of a positive credibility finding, it is still just 'one factor among many, and it is not dispositive.'" *Summers v. Berryhill*, 864 F.3d 523, 528-529 (7th Cir. 2017) (quoting *Loveless v. Colvin*, 810 F.3d 502, 508 (7th Cir. 2016)).

This Court's review "proceeds with a light touch—not holding ALJs to an overly demanding evidentiary standard." *Thorlton v. King*, 127 F.4th 1078, 1080 (7th Cir. 2025). The Seventh Circuit has "emphasized that social-security adjudicators are subject to only the most minimal of articulation requirements." *Warnell v. O'Malley*, 97 F.4th 1050, 1053 (7th Cir. 2024). "Under that minimal requirement, the ALJ said enough here to support" her conclusions. *Thorlton*, 127 F.4th at 1080; *see also Gedatus v. Saul*, 994 F.3d 893, 900 (7th Cir. 2021) (Courts do "not reweigh the evidence, resolve debatable evidentiary conflicts, determine credibility, or substitute our judgment for the ALJ's determination so long as substantial evidence supports it").

## CONCLUSION

The decision below is affirmed. Final judgment will be entered accordingly.


Date:   June 25, 2025

ENTER:

*Margaret J. Schneider*
United States Magistrate Judge